The next case on the calendar is Franco v. Better Way Wholesale Autos. Good morning, your honors. May it please the court, my name is Kenneth Votri. I represent the appellant, A Better Way Wholesale Automobiles. I will apologize in advance that I'm losing my voice and many judges will tell me that's probably the best thing that could happen. But I'll try to do my best through it. Anyway, this case involves the Truth in Lending Act and the purchase of an automobile. I represent a car dealership that sells a large number of used vehicles. And it deals with an insurance charge of about $60 for something called VSI. VSI is the insurance that would cover the lender if, for example, the car was damaged in an accident and the borrower didn't have insurance, it would cover that gap. It would cover damage in the car if it was repossessed and then it got damaged somewhere after the repossession. So there's a charge for $60 that was included in this. To kind of cut to the chase in this case because it really deals with whether it was appropriate to grant summary judgment in the way summary judgment was granted here. The question is whether any reasonable juror could decide that the box was checked. That's the way the judge had found it, yes. You don't think that's the question? I think that's the primary, that's the primary issue. Is it a little broader than that? Any reasonable juror could determine that the parties agreed to have that provision as part of their understanding, part of their contract. It's even a little different than that. And I'm going to probably say you're both raising issues that come about from it, but here's the issue. The Truth in Lending Act doesn't require you to check a box or not check a box. It requires you that you disclose the fact that this charge, you can get this insurance from somebody else. And your form says that. Says that. But it starts by saying that this whole thing, this whole disclaimer, this whole disclosure only applies if the box is checked. That's correct. And this document, and well, I wasn't there when it happened. What it appears to have happened is that this document was generated by a computer and the check is to the left and up a bit. It's not just to the, that's what I, when I read your brief, I thought, oh, it's like there's a box and there's an X like here instead of here. Then I looked at the form. I couldn't even find the X on first glance. I thought, what X is he even talking about? There's a little stray mark. Is that an X? And I finally found it. It's next to a completely different boxed disclosure and between two other completely different boxed disclosures. I really didn't see it. But let me tell you factually, there's two issues that I think support the fact that it makes sense that the check is there. It's clearly a mistake that the check was where it is. But if you look at the form, first of all- Why would I even think that that X has any reference to checking a box? And I have an answer for that. Let me take a look. When you look at this form, and you know something, when I was preparing for this, I'm reading through it too because I don't know if you're like me. I've bought cars before and I can't tell you that I read the documents and I know to read the documents. But here on that, where that box is supposed to be checked. You see the check up the line in that little area in the middle. Also in that box is typed in the $60 charge for the VSI. It's included in that box. And in addition- Why would anyone, even someone who is not like you and I and does read all the documents, read any further than if the preceding box is checked? If the box isn't checked, why am I reading the rest of it? Because when you're reading that, when you look at that box, there is, the text within the box. Somebody's actually put in the charge for the VSI, so it's not left blank. Which would be, it would be left blank if no one was checking that box to charge for the VSI. Why would I even look at what's typed in? It says if the box is checked, okay, I'm out of here. Thank God, I've got a whole page of fine print to read. I don't need to read this one because the box ain't checked. It's a little bit more than that though, too, because if you look where that check is on the form, there isn't any other boxes to check. Why do I even think it's a check? Well, it's two Xs. If there was an X or two Xs, somewhere on the, you know, they spelled box wrong and put two Xs somewhere. That X, I'm supposed to think, is going to go with the box to be checked? Well, Your Honor, and that is in a way the issue in the case. Although, you know, I don't want to place the issue as the box checking issue. The issue is whether or not there was a full disclosure of the fact that you could purchase this insurance elsewhere. And everyone's agreed the box- Are you arguing then that there is some other disclosure? That there's a factual issue because there's testimony that the plaintiff was told this somewhere else? And that's the issue, so we shouldn't be even worried about where the X is. No, Your Honor, but what I'm saying is the way that box was checked, and it's out of the box, it is clear. Now, the thing is, well, people could differ. I look at it and I say there's obviously two checks and there's no place else for them to go. There's no other box that, in other words, we don't have four paragraphs, check this, select this, select this, select this. There's only one box that has to be checked on that form. We agreed with you here and said that there's a tribal issue of fact. How would the judge charge the jury on this question? The judge isn't going to charge the jury on checking the box. The judge is going to charge under the Truth in Lending Act and say- That's not my point. I'm not asking a hostile question. No, no, no. I'm inviting your response. Yeah, no, no, no. No, no, no, and I- Is it intended, is the parties intended that this provision apply or how would the charge be? I don't even think the charge would be with that. I think the charge would be whether they found that, the charge would be that under the Truth in Lending Act, there's an obligation to provide a clear disclosure of the fact that the insurance could be purchased elsewhere. And was there a full, a clear disclosure? And- That seems very difficult for me to conclude, to go with you with this argument, given that instruction. It's not even just disclosure, it has to be clear disclosure. And I understand there are X's, there is a reference to the $60 on the first page. But how can it be clear disclosure when you read that box and the first sentence says, if the preceding box is checked, we require BSI insurance for the initial term. I don't know, if I read that box and was trying to figure out what I needed to do, and I saw there's no check next to this box, so the rest of it, I don't even have to read. I don't know if we would do that. I mean, to tell you the truth, I would probably look at it and say, why is there a check here instead of there? Is it meant to be there? I'm not saying that every customer would do that. And in my experience, now having represented this client for a period of years, I've heard customers say all kinds of things, including, I don't read any of the documents, I just want my car. Can I ask a different question? Yeah. This is not a class action. No, it's a- Individual action. Yeah. So the amount in controversy is how much? It's $16,000 in attorney's fees plus $2,000 in- $2,000 plus the attorney's fees, or the driver. A lot of dealers do take the position of fighting pretty aggressively on some of these cases. And not to be, Mr. Of course, the more aggressively you fight, the more that $16,000 number goes up. It does sometimes, yeah. It does. You paid the money in the first place on something like this, which is a kind of random one-off event. And I understand if there's some practice that some inventive lawyer is coming with a class action. And you're going to be paying $2,000 times a million people. No, that's true. But I do wonder why we are here over a $2,000 item. A lot of car dealers in the business take these very seriously. Some take a defend all of them position. Some take a position to settle them all. And interestingly too, they're all run by human beings. And maybe to say it in a more comical way, if I go to a cocktail party, yes, I do hear attorney jokes. But the car dealer jokes are even worse. They don't want to be, they certainly don't want to be adjudicated to have failed in their obligations. But a settlement avoids an adjudication that you did something even mistakenly, accidentally, trivially wrong. Yeah, and no, truly, and I represent a client who actually does believe they try to do a good job for people and they find themselves attacked a fair amount. And that may be the reality of business when you're in a consumer business. And the issue with the Truth in Lending Act is that it's a good act to protect lots of people, but it also doesn't necessarily balance the fact that on the other side in dealerships there are human beings working. And sometimes large issues arise from simple errors. And in this case, clearly they intended to check the box. Clearly, there was a check there. Clearly, there was no other place that had to be checked on this. And we all agree that the paragraph itself does meet the requirements of the Truth in Lending Act. And the customer knew that there was a $60 entry there and that there was a charge for it, so that box was utilized. So what you're sort of suggesting is that once I don't see the box, I go off in another direction. Well, in scanning that document, there was an entry in that box and it was the price of the VSI. And interestingly enough, it's actually- I have a question about that, just mechanically how this could have happened. Everything else seems to be in place. All the other typing items on that page seem to be in place except for that one. Yeah, it's printed, as I understand it, and I don't work in their dealership, but it's printed on a computer printer. It means the paper somehow moved or something during the process is what appears to have happened. The other thing that gets to my mind is what you are asking for is a jury trial. You're going to have a jury of people who are not car dealers, but who are car buyers. And then you're going to have a jury trial. And Mr. Bromberg, if I were Mr. Bromberg, she was thinking, well, right now I'm getting maybe $16,000. After the jury trial, that's going to be a much higher number. We really think the jury is going to- going to think is not part of our calculation, it might be part of yours and your clients. It may be in the realm of the business world. Has this case been through the camp process? Yes, it has. Not to talk about that, but it has. No, I understand, I just wanted to know if- And people were productive during it. Nobody was, you know, we tried. Fair enough. I wasn't, I just- I've gone well beyond my time. I, you know, I was a district judge for a long time, so I have a tendency sometimes to want to try and settle cases. But there you go. It's up to you. Thank you, Your Honor. I hopefully still have my three minutes. I know I went well beyond. Your voice got better as you argued. That's going to be a good thing because it's the weekend. I can make sure I can speak with my wife. Good morning, Your Honors. May it please the court, my name is Brian Bromberg. I represent the Plaintiff Appellee, Alyssa Franco, on this matter against the Better Way Auto. This case is not one of my class actions, nor do I intend to convert it into one. I was not actually the lawyer below. That was Mr. Blinn up in Connecticut. In any event, there is, I agree with everything that's been said by the court so far. There is, however, one additional argument that was not touched upon, which was an alternate grounds that Judge Bryant didn't touch upon. Under Regulation Z, implementing the Truth in Lending Act, premiums for insurance may be excluded from the finance charge if the following conditions are met. Insurance coverage may be obtained from a person of the consumer's choice, and this fact is disclosed. Here we've been, Your Honors, have been discussing the question of whether the fact is disclosed. And there's a further gloss on that in 15 U.S.C. 1605C, it says not only must it be disclosed, but it has to be a clear and specific statement in writing. So it's got to be not only clear, but clear and specific. The text is clear and specific, right, as to the cost of the insurance if obtained and the fact that the person to whom credit is extended may choose the person from which. The box is perfect, except for the check. Well, the check isn't in the box. And presumably, the direction to the jury, the charge to the jury would be, you've got to show a clear and specific transmission of this information, a clear and specific statement in writing. Is this a clear and specific statement in writing? Frankly, if the jury found anything but in favor of the plaintiff, I think there'd be a very strong case for a JNOV, for a judgment notwithstanding the verdict. Does the checking of the box indicate that the language is clear in the provision, or does it indicate that the parties are putting this provision into the contract? The checking of the box, if I understand the question correctly, the checking of the box, the entire box does not become operative unless the condition is fulfilled. Unless the box is checked, the entire paragraph does not become operative. And it's not- What you're saying then is that it's a question of whether this box, the language in this box, becomes operative as part of the contract. Right, but that's not- If the box is checked, even though it's phrased in a different way in the language of the box, where it says if the box is checked, we require blah, blah, blah. It doesn't say if the box is checked, this will be part of the contract. But that's your position, whether it's part of the contract. I think it's both, Your Honor. Either way, it's still a problem for the defendants, for the appellants. It's still a problem, because regardless of whether it's part of the contract or- Unless it's ambiguous, that's the question. I mean, if there's some ambiguity here, then we look at what the party's really intended. You go beyond the contract, beyond the language of the contract. Okay. And look at, you know, plural evidence and the like. No, I'm not sure that it's necessary to decide whether it's part of the contract or not part of the contract. Because the box is not checked, the statement required under Reg Z, under Reg Z for- I'm just saying that statement is a nullity. I'm saying that statement is a nullity. That statement is a nullity, regardless of whether it's in the contract, outside of the contract. The failure to check the box means that the statement is a nullity. You're not suing for breach of contract. That is, you're not suing on the theory that she should never have been charged the $60 in the first place. No, no, no. We're suing on the theory that the $60 should have been included as part of the finance charge. And therefore, it needed to be disclosed, right? Exactly. And therefore, it needed to be disclosed both under 15 U.S.C. 1605 and under the corresponding section of Reg Z, 12 CFR 1026.4 sub D. But in any event, there is one other aspect that was not touched upon by Judge Bryant, because apparently, because she felt that this issue was determinative. This issue meaning the failure to check the box. The 30B6 deposition testimony indicates that there was no option given to Ms. Franco to purchase her VSI insurance elsewhere. It's in the transcript of the 30B6 witness, it's Mr. Gorbecki, who was the president of A Better Way Auto. Excuse me, not Mr. Gorbecki, it was Mr., pardon me. Mr. Alonzo, 30B6 witness, Alfano. Albano, excuse me. Mr. Albano, who is the 30B6 witness, his testimony can be found on pages 825 through 828. And he testified to the effect that it's BCI, the finance company, that selected the insurance carrier. And there was no choice to Ms. Franco to select another carrier. So therefore, under Reg Z, she didn't have that option to begin with. So regardless of the box check, the not box check. The box says she has the option. Yeah, but the box. But the box were checked, and she said, I want to shop around for the insurance, what would happen? I mean, she wasn't in fact given the option in the sense that since she didn't raise the issue, not having seen the box checked or whatever, they provide by default an insurer. But, you know, Judge Bryan found that simply because the box wasn't checked, they haven't fulfilled one of the two prongs of Reg Z. But what I'm saying is the other prong of Reg Z wasn't fulfilled. She wasn't given that option anyway. The person in charge of all these matters, Mr. Albano, testified that she didn't have that option. Can you tell me the exact language? Because what I'm looking at is something that says, well, it's the lender's insurance, so we picked it. But of course they pick it if she doesn't assert a right to shop around. And what else is going to happen if, suppose the box is checked, she reads it, she says, that's all right, I don't know any insurance companies, do what you got to do. Then they pick the insurer. No, but they say they pick the insurer and then it says on page 828, question, and the consumer does not have the option to purchase it elsewhere, correct? Mr. Albano, right. So he specifically says here, she doesn't have the option to go elsewhere. And the CFR section, Reg Z, says that you have to have both prongs. Not only do you have to have the right to go shop for VSI insurance elsewhere, excuse me, not only do you have to have the notice, this clearance specific notice in writing, that's required under the USC and required under Reg Z, but you have to be given, that option has to be real. It can't be an option that doesn't exist. So there's a separate prong that they also fail to fulfill. What I'm saying is there's an alternate prong. The court doesn't have to reach it, Judge Bryant didn't reach it. But that alternate prong, they also fail to meet that alternate prong. And they're framed in the conjunctive, so they have to meet both prongs. And the failure to meet both prongs, well, our position is that our client wins. In any event, unless the court has further questions, I'll leave it to my adversary's rebuttal. Thank you, Your Honor. Thank you. To kind of work backwards from that question, the issue is, you may find this hard to believe, in the some 4,000 cars they sell each year. Nobody has ever purchased VSI elsewhere. It generally is purchased as a group policy that the lender gets. And the way they sell it is it gets allocated by car. There's a way it's done in the industry. You can't really call your car insurance company and say, I'd like to buy a VSI. But hey, I'm not the regulator who created this rule. What Mr. Albano was testifying to is, I don't think Mr. Albano knows where you can get it. Because it just isn't something, it's just something the lenders do, and that's that. But also, the Truth in Lending Act doesn't require us to go find them other insurance, it's simply to make that statement. The interesting question that came up is the issue of contract and notice here. I think counsel's right, it doesn't have to be a contractual term. Because what truth in lending says is we have to give notice. At the same time, if it is a contractual term, I think that satisfies notice at that point. Because then it's part of the contract and the parties are going to be deemed to have had it. The notice we have is in fact perfect. It's everything you're supposed to have. And that was in front of the buyer. So this issue of the check in the box, in terms of a contract term, is not the issue. You are right how- The question is whether you can have a clear and specific statement in writing, where the form seems to attract the reader elsewhere, because the box isn't. It makes it a more difficult issue in some ways, on both sides, I think. In terms of what the law ought to be in dealing with that. And here's the interesting thing, and I thought through the parole evidence issue. And as a trial lawyer, we all try at times to use parole evidence. It usually just gets you into trouble somehow. But here's the thing, what Judge Bryant found was there's an ambiguity. She found there was an ambiguity, but not a genuine issue of fact, but it was an issue of fact. Because the ambiguity is it has to be a clear statement. If it's not a clear statement, if there's an ambiguity, it's not a clear statement. And then at that point, though, if you look at the contract analysis, does it open the door for parole evidence? If it were a contract case, it might. It's not a contract case, it's a question of whether there was the disclosure that's required under the statute. But I think the ambiguity is you still have the right to a finder of fact to make the determination as to whether the notice was appropriate or not. And I think a jury could- Whether the notice was clear and specific. Well, the notice is clear and specific. The issue is whether or not- It's operative. Whether, and because it doesn't have to be contractual, it determines not even whether it's operative. I guess- Wait, wait, this is- You're worried that we- Look, let's be serious. If you had a perfect, this perfect disclosure, but instead of saying if the box is checked, there's something typed in above it that says don't bother reading what's in the next box because it doesn't apply to your contract. The fact that the disclosure that's in the box is perfect wouldn't matter, right? In that circumstance, it wouldn't if we basically told them to ignore the notice. But here, we didn't do that. No, I understand that. That's over here. But you didn't, assuming that no reasonable jury could find the box is checked, the question is, is the reader effectively being told don't bother to read this because they're told to read it if the box is checked? Well, the issue may be under truth in lending as to like, if we have on the right hand, everything is done perfectly, and we have on the left hand, everything is done wrong. Am I one step over from perfectly, or am I ten steps over from perfectly with this contract? And they make the argument about almost trying to argue it's a strict liability offense. Well, that's not what truth in lending says. It says you have to apply the terms of the Truth in Lending Act the way they're written. And at the end of the day, we're not trying to vary those terms. It's the factual issue as to whether we did it or not, and whether we succeeded or not. And that's where we get into the problem. It's not, because there's not a regulation that says you have, if you have a check. So many trial days that are available in the court, right? I understand, Your Honor, but this may be an issue beyond truth in lending and about summary judgment, which is a relevant issue to people. And as a trial lawyer, that's been on both the plaintiffs and the defense side. How courts apply summary judgment rules is a very, very serious thing. And we all know when we try cases in different jurisdictions, different courts look at things vastly differently. And it's an important thing, including giving advice to clients, like in a case like this. Thank you, Your Honors. Thank you both. We'll take it under submission.